IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRACI JACKSON,<br><br>                Plaintiff,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY, a foreign corporation, and Does 1-100,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING LEAVE TO AMEND<br><br><br>Case No. 2:12-CV-984 TS |

This matter is before the Court on Plaintiff Traci Jackson's Rule 15 Motion Seeking Leave to Amend.[1] Defendant Allstate Indemnity Company has not filed a response to Plaintiff's Motion and the time to respond has now passed. In light of Defendant's non-opposition, and for the reasons discussed more fully below, the Court will grant Plaintiff's Motion.

Plaintiff filed her Complaint in this case on October 23, 2012. In her Complaint, Plaintiff brought claims for Breach of Contract, "Bad Faith Refusal to Investigate and/or Pay a Valid Claim," and "Declaratory Relief [S]eeking [C]overage."[2] On May 17, 2013, Plaintiff moved to amend her Complaint. Defendant responded to that motion indicating that it would not "file a formal opposition to [P]laintiff's Motion to Amend, in light of the liberal pleading standard for amending a [c]omplaint, and the fact that the amendment is within the time limit provided [by] the court in its Scheduling Order."[3] Plaintiff subsequently withdrew her first motion to amend.

---

[1] Docket No. 29.

[2] Docket No. 2, at 6, 8.

[3] Docket No. 21, at 1.

1

Plaintiff filed the instant Motion on January 28, 2014, three days before the deadline to amend the pleadings in this matter. In her Motion, Plaintiff seeks to add two new causes of action, one for "Breach of Fair Dealing and Good Faith in a Contract" and another seeking additional "Declaratory Relief for Ambiguous Terms."[4]

Federal Rule of Civil Procedure 15(a)(2) provides that, when amendment is not authorized as a matter of course, a party may amend its pleading "only with the opposing party's written consent or the court's leave." The rule further instructs that "[t]he court should freely give leave when justice so requires."[5] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6]

Here, Defendant has not provided written consent for Plaintiff to file an amended complaint. That being said, Defendant did file a response that amounted to a non-opposition to a prior motion to amend filed by Plaintiff. In addition, the record in this case does not support a finding that Plaintiff has delayed in filing an amended complaint or is seeking to amend in bad faith. Further, Defendant has not argued that the proposed amended complaint is futile or that it will be prejudiced by Plaintiff's filing.

---

[4] Docket No. 29, at 10.

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Rule 15 Motion Seeking Leave to Amend (Docket No. 29) is GRANTED. Plaintiff is directed to file her Amended Complaint within seven (7) days of this Order.

DATED March 20, 2014.

BY THE COURT:

TED STEWART
United States District Judge